### FLORENCE McCAHILL *v.* WILLIAM KIPP.

Where a person, without fault on his part, suffered damages from a horse running away; *held,* that the owner thereof was liable, it appearing that his servant was negligent in not properly securing and restraining the horse, although the consequences of the accident were also chargeable upon a third person, who caused him to run by carelessly frightening him.

Negligence may be found by a jury, from the circumstances of a case, without direct proof thereof.

In an action for negligence, whereby a horse belonging to the plaintiff was injured; *held,* that the evidence of a veterinary surgeon, as to the extent of the injuries, was inadmissible, it appearing that his only means of identifying the horse examined by him with the one in question, was, that the former was pointed out to him as such, by the party for whom his testimony was offered.

In this case it appeared that a horse, in charge of the defendant's servant, took fright from the act of a boy in carelessly throwing down a wheelbarrow, and ran away, bringing a cart attached to him in contact with a horse belonging to the plaintiff. This action was brought for injuries caused by the accident to the horse last mentioned. The plaintiff alleged that the servant did not make proper efforts to secure and restrain the horse in his care.

The cause was tried by a jury. The defendant called a veterinary surgeon as a witness, in respect to the amount of injury sustained by the plaintiff's horse; but his testimony was excluded, on the ground that the horse which he saw and examined was not sufficiently identified with the horse in question. The witness stated that the defendant had pointed out to him the horse which he examined, but that he had no other knowledge of his identity.

The plaintiff had a verdict and judgment. The defendant appealed.

*Charles Fraser,* for the defendant.

*Thomas S. Henry* and *Henry P. Townsend*, for the plaintiff.

By THE COURT. INGRAHAM, FIRST J.—This action is for damages to the horse of plaintiff, occasioned by the defendant's horse while running away. The ground on which the defendant is held responsible, is the negligence of the servant who had charge of him at the time. That negligence may be inferred by the jury, from all the circumstances, without the necessity of direct proof thereof. Whatever might have been the views of the court or jury on the question of negligence, when the plaintiff rested, the evidence of the defendant's servant, who had charge of the horse, shows, that at the time the horse became frightened, no efforts were made to guard against his running away, either by tying him, or by any one having hold of him, so as to prevent it. The witness says he seized hold of the horse after he ran, but could not hold him. If he had held the reins, or had held the horse by the head before the fright, he might have prevented the accident. Whether this was sufficient to satisfy the jury of the defendant's negligence, was for them to say. It is enough to sustain their finding, even if we differed with them as to the result.

It is not material what frightened the horse, if he was not properly taken care of so as to prevent his running.

It is the duty of the owner of a horse, under such circumstances, to exercise care on his part to guard against such an accident; and his neglect in so doing involves him in liability for the consequences, as well as the person who may have caused the frightening of the horse.

Whether the boy who frightened him was responsible or not, is immaterial, as affecting the defendant's liability. The defendant was responsible, if he or his servant was guilty of any negligence which caused the injury.

I see nothing in the charge, as stated in the justice's return, which was erroneous. The points taken by the appellant's counsel are not sustained by the return, and we are controlled by it.

The charge put the defendant's liability where it properly rested, viz., on the negligence of the defendant or his servant, telling them that if the defendant could have prevented it by ordinary care and prudence, and the plaintiff was not to blame, the plaintiff was entitled to recover.

The court did not charge that the plaintiff was entitled to smart money, but confined the recovery, as the return states, to actual damages. The amount allowed by the jury is large—more so than from the testimony I should have been willing to allow; but on appeal we cannot interfere in this respect.

The justice was right in rejecting the evidence of Williams. He had no knowledge by which he could say the horse he saw was the one in question. The horse he saw was pointed out to him by the defendant only.

Judgment affirmed.